UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 97-60462
Summary Calendar
_____

RICHARD MCBRIDE; BLONDINE MARIE MCBRIDE,

Plaintiffs-Appellants,

VERSUS

HALTER MARINE SHIPYARD; FRANK SMITH; JERRY HALL; EMERALD
SMITH; JAY JOHNSON; BOBBY HOWELL; MARTIN WILNER; TIM COOK,

Defendants-Appellees.

_____

No. 97-60463
Summary Calendar
_____

RICHARD MCBRIDE; BLONDINE MARIE MCBRIDE,

Plaintiffs-Appellants,

VERSUS

HALTER MARINE SHIPYARD; FRANK SMITH; JERRY HALL; EMERALD
SMITH; JAY JOHNSON; BOBBY HOWELL; MARTIN WILNER; TIM COOK; JAMES
CLARK; BUDDY O'BRIAN; RELIANCE NATIONAL INSURANCE CO.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Mississippi

(1:96-CV-238-BrR & 1:96-CV-246-RR)

May 13, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard McBride was employed by Halter Marine, Inc. at its facility in Moss Point, Mississippi. On April 13, 1994, McBride allegedly suffered an on-the-job injury. On September 14, 1994, when he returned to work from this injury, he failed a routine drug screening test which was administered in accordance with routine company policy. Based on Mr. McBride's failure to pass the routine drug test, his employment was terminated. Subsequently, McBride instituted a claim under the Longshore and Harbor Workers' Compensation Act and McBride and his wife filed two lawsuits against Halter Marine, the first in state court which was removed to federal court and the second filed directly in federal court after the first had been removed to federal court. The two suits pending in federal court were consolidated. At a case management conference on July 24, 1996 before the magistrate judge, the parties negotiated and agreed upon a voluntary settlement of both actions and such settlement was entered of record. Subsequently,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on August 5, 1996, the district court entered an order on joint motion of all parties dismissing the case with prejudice with each party to bear its own costs. The separate claims of McBride under the Longshore and Harbor Workers' Compensation Act were excepted from this settlement and dismissal. On April 25, 1997, McBride and his wife filed a motion under FED. R. CIV. P. 60(b) to set aside the settlement and the judgments. The district court denied any relief to plaintiffs and the plaintiffs appeal.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself. The district court has broad discretion under Rule 60(b) to grant or deny relief. We find nothing in the record which would indicate that the district court abused its discretion in denying the plaintiffs any relief under Rule 60(b). The order denying any further relief is

AFFIRMED.